**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC GRIFFIN,<br><br>               Plaintiff,<br><br>vs.<br><br>PHILLIP PRO, *et. al.*,<br><br>               Defendant. | Case No. 2:09-cv-01126-RCJ-GWF<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS**<br><br>Application to Proceed *In Forma Pauperis* (Dkt. #1) and Motions (Dkt. #s 2-4) |

      This matter is before the Court on Plaintiff's[1] Application to Proceed *In Forma Pauperis* and Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1), filed on June 24, 2009; Motion for Permanent Injunction (Dkt. #2), filed on June 24, 2009, and Motion/Affidavit to Execute Warrant (Dkt. #4), filed June 26, 2009.

      The Court finds that Plaintiff is unable to prepay the filing fee. However, the Court also recommends that the Complaint be dismissed with prejudice as delusional and frivolous.

      **I.**    *In Forma Pauperis* **Application**

      Plaintiff Eric Griffin filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed *in forma pauperis* will be granted.

      **II.**    **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

---

[1] The heading of Plaintiff's Complaint names several Plaintiffs as parties to this matter, including Eric Griffin and Michael James Anthony. (Dkt. #1). However, Mr. Griffin is appearing in proper person. A *pro se* plaintiff may not appear on behalf of other parties and may only represent himself. No named plaintiff other than Mr. Griffin has made an appearance in this matter. As a result, the Court will view Mr. Griffin as the sole plaintiff to this matter and consider his claims accordingly.

1  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss
2  a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be
3  granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.
4  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim
5  upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts
6  in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th
7  Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be dismissed as
8  frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v.*
9  *Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate
10 when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
11 judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.  When a court
12 dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with
13 directions as to curing its deficiencies, unless it is clear from the face of the complaint that the
14 deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
15 1995).

16    Plaintiff's Complaint will be dismissed for failure to state a claim because a) judicial immunity
17 shields a judge from suits for damages allegedly related to official judicial acts and b) Plaintiff's
18 underlying factual claims are fantastic, delusional and irrational.

19    **A.    Judicial Immunity**

20    Plaintiff's Complaint against Judge Pro fails to state a claim because judges are absolutely
21 immune from damages actions for judicial acts taken within the jurisdiction of their courts.  *Schucker v.*
22 *Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).
23 Therefore, the Court will recommend dismissal of Plaintiff's Complaint with prejudice as the
24 deficiencies cannot be cured by amendment.

25    **B.    Fantastic, Delusional and Irrational Claims**

26    In his Complaint, Griffin alleges that Judge Phillip M. Pro violated his civil rights by dismissing
27 Plaintiff's Complaint in Case No. 2:09-cv-00845-PMP-GWF on June 17, 2009 (Dkt. #9 in Case No.
28 2:09-cv-00845-PMP-GWF) and then denying Plaintiff's Submission of Proposed Default and Motion for

Default Judgment, which were filed after the case had been dismissed (*see* Dkt #s 11-15 in Case No. 2:09-cv-00845-PMP-GWF). Plaintiff's Complaint in Case No. 2:09-cv-00845-PMP-GWF similarly alleged that U.S. Magistrate Judge Leavitt had violated Plaintiff's due process rights when Judge Leavitt recommended that the Complaint in Case No. 2:09-cv-00458-RCJ-LRL be dismissed with prejudice as Plaintiff's claims were frivolous.

Plaintiff has filed numerous lawsuits with this Court in which he alleges that he is being tortured by technological devices or chemicals, which allow the government to eavesdrop on Plaintiff, and that the named defendants are engaged in a cover-up. (*See Griffin, et. al. v. Steward, et. al.,* case no. 2:06-cv-00290-RLH-GWF; *Griffin v. Bush, et. al.*, case. no. 2:07-cv-00617-RCJ-GWF; *Griffin v. Dept. of Defense, et. al.*, case. no. 2:07-cv-01266-RLH-RJJ; *Griffin v. White House, Executive Office, et. al.*, case. no. 2:08-cv-00303-RCJ-GWF; *Griffin v. Henderson Police Department, et. al.*, case. no. 2:09-cv-00458-RCJ-LRL; *Griffin v. Leavitt, et. al.*, case. no. 2:09-cv-00845-PMP-GWF; *Griffin, et. al. v. Pro*, case. no. 2:09-cv-01126-RCJ-GWF).   In the underlying case related to Plaintiff's present claim, *Griffin v. Henderson Police Department, et. al.*, case. no. 2:09-cv-00458-RCJ-LRL, Plaintiff's Complaint alleges that the City of Henderson Police Department and Clark County District Attorney tortured Plaintiff through the use of "Voice-to-Skull" technology. (Dkt. #1-2 at 2-4; *see also* complaints filed in Case Nos. 2:09-cv-00458-RCJ-LRL and 2:09-cv-00845-PMP-GWF). Plaintiff's present complaint against Judge Pro also alleges that the Court has covered up a "RICO Act crime" that resulted in several deaths and the ongoing assault of Plaintiff. (Dkt. #1-2 at 1-2). The Court finds that Plaintiff's statements are fantastic, delusional and irrational and will therefore recommend that the Complaint be dismissed with prejudice as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

In light of the Court's recommendation, Plaintiff's Motion for Permanent Injunction (Dkt. #2) and Motion/Affidavit to Execute Warrant (Dkt. #4) will be denied as moot, pending the District Judge's granting of the Court's recommendation of dismissal.

Accordingly, and for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars

($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permanent Injunction (Dkt. #2) and Motion/Affidavit to Execute Warrant (Dkt. #4) will be **DENIED** as moot, pending the District Judge's granting of the Court's recommendation of dismissal.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1) should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted due to judicial immunity and due to the delusional and frivolous nature of the complaint.  It is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of June, 2008.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**